472 F.2d 1207
 Cynthia MORRIS, by Dr. Joe D. Morris, her next friend, et
al., Plaintiffs-Appellees,
v.
MICHIGAN STATE BOARD OF EDUCATION, a Michigan State Agency,
Defendant-Appellee,
Michigan High School Athletic Association, a private,
voluntary, unincorporated association of Michigan High
Schools, and South Central Conference, a voluntary
unincorporated conference of certain Michigan High Schools,
Defendants-Appellants.
 No. 72-1578.
 United States Court of Appeals,
Sixth Circuit.
 Argued Dec. 8, 1972.
Decided Jan. 25, 1973.
 
 Roscoe O. Bonisteel, Jr., Ann Arbor, Mich., for appellants.
 Lawrence W. Sperling, Ypsilanti, Mich., for appellees; DeVine & DeVine by John B. DeVine, Ann Arbor, Mich., on briefs for Board of Education of the Public Schools of the City of Ann Arbor; Frank J. Kelley, Atty. Gen., Robert A. Derengoski, Sol. Gen., Eugene Krasicky, Patrick Kowaleski, Asst. Attys. Gen., Lansing, Mich., on briefs for Mich. State Board of Education.
 Before EDWARDS and LIVELY, Circuit Judges, and CECIL, Senior Circuit Judge.
 EDWARDS, Circuit Judge.
 
 
 1
 This case arose out of the desire of two high school girls from the Ann Arbor Union High School tennis team to participate in interscholastic tennis matches representing their school. The regulation which prohibits their doing so was adopted by the Michigan High School Athletic Association and said in part:
 
 
 2
 Girls are not to engage in interscholastic athletic contests when part or all of the membership of one or both of the competing teams is composed of boys. [sic]
 
 
 3
 The claim of the plaintiffs is that this regulation denies them both equal protection and due process under the Fourteenth Amendment of the United States Constitution. Subsequent to the filing of the bill of complaint in this case and the entry of a temporary restraining order, it appears that the scope of pleadings was expanded to include as a class all girls in Michigan high schools who desired to participate in interscholastic athletics involving noncontact sports.
 
 
 4
 On April 27, 1972, a preliminary injunction was entered by the District Judge invalidating Rule 5 of the Michigan High School Athletic Association as quoted above, and enjoining said Association from: "Preventing or obstructing in any way the individual plaintiffs or any other girls in the State of Michigan from participating fully in varsity interscholastic athletics and athletic contests because of their sex."
 
 
 5
 It should be noted that the District Judge's preliminary injunction appears on its face to apply to all athletic contests whether contact sports or noncontact sports.
 
 
 6
 Subsequent to the entry of the preliminary injunction, the Michigan Legislature adopted Act No. 138 of the Public Acts of 1972 which reads:
 
 
 7
 Female pupils shall be permitted to participate in all noncontact interscholastic athletic activities, including but not limited to archery, badminton, bowling, fencing, golf, gymnastics, riflery, shuffleboard, skiing, swimming, diving, table tennis, track and field and tennis. Even if the institution does have a girls' team in any noncontact interscholastic athletic activity, the female shall be permitted to compete for a position on the boys' team. Nothing in this subsection shall be construed to prevent or interfere with the selection of competing teams solely on the basis of athletic ability. M.C.L.A. 340.379(2), Pub.Act No. 138 (Mich. May 22, 1972).
 
 
 8
 It appears, however, that this statute will not become effective under the provisions of the Michigan Constitution of 1963 until 90 days after the adjournment of the Legislative session, or probably sometime in the early spring of 1973.
 
 
 9
 On the basis of the pleadings and such record as has been developed thus far in this proceeding in the District Court, we believe that the District Court had jurisdiction under 28 U.S.C. Sec. 1343 and 42 U.S.C. Sec. 1983 (1970) to consider the claimed discrimination involved in the exclusion of girls from interscholastic competition in noncontact sports and to enter a temporary injunction in relation thereto.
 
 
 10
 Further, we are unable to perceive any response to the complaint which demonstrates a likelihood that appellant will prevail on the merits. The Michigan State Board of Education's brief states:
 
 
 11
 This defendant concurs with the Michigan High School Athletic Association that the lower court went beyond the pleadings in requiring in its preliminary injunction that girls be allowed to compete in contact as well as noncontact sports. But as to noncontact sports this defendant would note that the public policy of the State of Michigan, as expressed by the Michigan legislature in 1972 PA 138, will allow females to participate with the males in noncontact athletic activities in the Spring of 1973.
 
 
 12
 Appellant Michigan Athletic Association, while disputing the jurisdiction of the District Court, has thus far made no response to the merits of plaintiffs' suit beyond contending that what is sought in terms of participation in interscholastic activities is a privilege and not a right, and that in any event the District Judge's preliminary injunction went beyond the relief requested by enjoining the application of Rule 5 as to contact sports also.
 
 
 13
 This Court believes that the District Court had and has jurisdiction of this case. The regulation attacked is based upon a classification by sex. Such a classification is subject to scrutiny under the Equal Protection Clause of the Fourteenth Amendment to ascertain whether there is a rational relationship to a valid state purpose. Reed v. Reed, 404 U.S. 71, 75-76, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971). See also LaFleur v. Cleveland Board of Education, 465 F.2d 1184 (6th Cir. 1972).
 
 
 14
 The preliminary injunction as entered, however, purports to affect contact sports about which in this record there is no case or controversy. The preliminary injunction will be remanded to the District Court for modification by entering the word "noncontact" between the words "interscholastic" and "athletics" where they appear in paragraphs 1, 2 and 3 of the preliminary injunction filed April 27, 1972.
 
 
 15
 Thus modified, the order of the District Court granting the preliminary injunction is affirmed and the case is remanded to the District Court for further proceedings.