Jo Ann CARNES

v.

**TENNESSEE SECONDARY SCHOOL ATHLETIC ASSOCIATION et al.**

Civ. No. 3–76–137.

United States District Court,
E. D. Tennessee, N. D.

May 10, 1976.

**570**

James N. Ramsey, Dorothy B. Stulberg, Oak Ridge, Tenn., for plaintiff.

George H. Buxton, III, Oak Ridge, Tenn., Charles Hampton White, Nashville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Before the Court is plaintiff's motion for a preliminary injunction in connection with her claim that she is being denied the right to participate in interscholastic baseball at Central High School, Wartburg, Tennessee, solely on account of her sex. Jurisdiction is asserted pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343 and 20 U.S.C. § 1681.

A hearing was held on the motion and the Court heard arguments of counsel for all parties. Shortly thereafter, the Court issued a temporary injunction as prayed for by plaintiff. Pursuant to Rule 52(a), F.R. C.P., the Court enters the following findings of fact and conclusions of law.

Plaintiff Jo Ann Carnes is an eighteen-year-old female student at Central High School in Wartburg, Tennessee. Defendant Tennessee Secondary School Athletic Association (TSSAA) is a state-wide voluntary athletic association of which Central High School is a member. The TSSAA promulgates rules for participation in interscholastic high school athletics in Tennessee. Defendant Board of Education is organized and exists under the laws of the State of Tennessee and has under its management and control the public schools of Morgan County, Tennessee, including Central High School. Defendant John W. Galloway is the superintendent of the public schools of Morgan County. Defendant Jake Gamble is the principal of Central High School, and defendant Carl Edward Kreis is the baseball coach and a teacher at the high school.

Coach Kreis notified the student body at the high school in early March of this year that he sought prospective players for this year's team. Plaintiff was among the 35 or so applicants. At first the coach told plaintiff that she could participate in the baseball program if she was prepared to follow the normal rules applicable to the team. He told her that it would be necessary to have her hair cut to conform to team rules, and she complied.

After being advised by an official of the TSSAA that plaintiff was not eligible to play on the baseball team and that Central High School might be suspended from the association if it allowed plaintiff to participate in interscholastic baseball, Coach Kreis reversed his earlier position and informed plaintiff that she could not participate on the baseball team.

In a letter dated March 17, 1976 an official of the TSSAA communicated the following to the principal of Central High School:

"This letter is to inform you that TSSAA does not permit girls to participate in baseball since baseball is a contact sport. Article II, Section 32 in the TSSAA Handbook entitled "Mixed Competition" states that boys and girls shall not be permitted to participate in interschool athletic games as mixed teams, nor shall boys' teams and girls' teams participate against each other in interschool athletic contests provided that this rule shall not apply to those sports which are not defined as collision sports or which do not involve physical contact. For purposes of this rule, collision sports and sports involving physical contact shall include, but not be limited to, football, baseball, basketball, and wrestling.

"According to the above regulation, it would be a violation for any school to allow a girl to play on the baseball team

against another TSSAA registered baseball team.

"If you have any additional questions regarding girls participating on boys' teams in contact sports, please let me know."

Although the regular season ended on the date of the hearing, the proof showed that the team will play at least one more game—the first game of the state tournament which is scheduled to be played the day after the regular season ends.

■ In order to be entitled to a preliminary injunction, the plaintiff has the burden of demonstrating (1) a probability of success on the merits, (2) a clear case of irreparable injury, and (3) that a balance of the injury favored the granting of the injunction. *Garlock, Inc. v. United Seal, Inc.,* 404 F.2d 256 (6th Cir. 1968).

■ TSSAA's rule prohibiting mixed participation and competition in contact or collision sports, as applied to the facts of the present case, discriminates against plaintiff on the basis of sex because it effectively denies her the opportunity to participate in a baseball program of any sort at Central High School.[1] The rule must be sustained, however, if it bears a rational relationship to a legitimate state purpose. *Smith v. Troyan,* 520 F.2d 492 (6th Cir. 1975). Moreover, the rule must be presumed to be valid. *See Robinson v. Board of Regents,* 475 F.2d 707 (6th Cir. 1973).

In *Morris v. Michigan State Board of Education,* 472 F.2d 1207 (6th Cir. 1973), the Sixth Circuit Court of Appeals suggested that the State may have a legitimate interest in prohibiting mixed participation in contact sports. The Court did not identify this interest nor did it discuss the rationale for distinguishing between contact and noncontact sports. The Court also did not reach the question of which sports may reasonably be classified as contact sports.[2]

A representative of the TSSAA stated at the hearing that at least two reasons exist for the collision vs. noncollision sport rule: (1) to protect females from exposure to an unreasonable risk of harm, and (2) to protect female sports programs from male intrusion.

TSSAA's first justification for its rule is questionable because it may be drawn too imprecisely to accomplish its avowed purpose. In other words, as applied to the facts of the present case, the rule may permit males who are highly prone to injury to play baseball at Central High School, while, at the same time, it may prevent females, whose physical fitness would make a risk of physical harm unlikely, from participating in the school's baseball program. *See Fortin v. Darlington Little League, Inc.,* 514 F.2d 344 (1st Cir. 1975).

The proof showed that plaintiff was denied the opportunity to play baseball because of her sex and not because she may have been exposed to a risk of harm any greater than that to which the male players would have been exposed. She appeared physically suited to play baseball. Coach Kreis stated that she was baseball material, and that he knew of no physical reason why she could not play on the team. She has actively engaged in other sports without suffering any serious injuries and testified that, if given the opportunity to play, she would be willing to wear a chest protector specially designed for women.

The second avowed purpose of the rule, that of protecting female athletic programs from male intrusion, is also questionable. The separation of male and female interscholastic competition arguably bears a rational relation to a state interest in fostering equitable competition. *See Gilpin v. Kansas State High School Activities Ass'n,*

---

1. The proof showed that Central High School has never attempted to organize a baseball program for women. It appears that this may be so due to a lack of interest on the part of the student body.

2. The Court referred to a Michigan statute which permitted women to participate in noncontact interscholastic activities. The statute's laundry list of noncontact sports did not include baseball, but the statute, by its express terms, provided that this list was not all-inclusive. *See* 472 F.2d at 1209.

*Inc.,* 377 F.Supp. 1233 (D.Kan.1974). Central High School, however, has no women's baseball team. Consequently, plaintiff either must play on Central's only baseball team or not play at all. Thus, rather than foster equitable competition, TSSAA's rule operates as a complete bar to plaintiff's opportunity to compete solely on the basis of her sex.

■ We recognize that little proof was heard on the TSSAA's justifications for its rule, and that legitimate reasons in support of it may exist. Assuming, on the basis of *Morris, supra,* that the State legitimately may discriminate between sexes when dealing with contact sports, the classification of a sport as a contact sport nevertheless must be reasonable. Coach Kreis testified that the rules of baseball prohibit body checking and that base-runners are generally tagged with a glove. If the game is played properly, collisions at the plate are infrequent.[3] Occasionally, a player is spiked, and a batter is hit by a wild pitch. It is questionable, therefore, whether TSSAA can reasonably classify baseball as a contact sport.[4]

In this light, the Court finds that, on the question of injunctive relief, there is a likelihood that plaintiff will prevail on the merits. It should be noted, however, that the question of mootness may soon predominate, as the controversy will be alive only so long as Central High School's hopes for a state championship are alive. *See Troy v. Shell Oil Co.,* 519 F.2d 403 (6th Cir. 1975).

■ The question of irreparable harm requires the Court to determine "what each party stands to lose by the granting or denying of a preliminary injunction." *Reed v. Nebraska School Activities Ass'n,* 341 F.Supp. 258, 263 (D.Neb.1972). Defendants certainly have an interest in enforcing TSSAA's eligibility rules. Plaintiff, on the other hand, stands to lose any benefits which she may derive from participation on the baseball team. She stated that she intends to play baseball in college, and that playing on Central High School's baseball team would benefit her in this respect.

Since plaintiff is a high school senior and her last opportunity to play high school baseball is rapidly drawing to an end, we conclude that her loss, "whatever its nature or dimensions, will be irretrievable." *Id.* at 263. We further conclude that the balance of the injury favors the granting of a preliminary injunction. A bond has been required of plaintiff pursuant to Rule 65, F.R.C.P., so the minimal financial expense that a preliminary injunction will require of defendants will not be lost irretrievably should they ultimately prevail on the merits.

■ For the foregoing reasons, it is ordered that plaintiff's motion for a temporary injunction be, and the same hereby is, granted.

It is further ordered that defendants, Tennessee Secondary School Athletic Association, Board of Education of Morgan County, John W. Galloway, Jake Gamble and Carl Edward Kreis, their agents, employees and successors be, and they hereby are, enjoined from prohibiting plaintiff, Jo Ann Carnes, from participating in the Central High School baseball athletic program solely on account of sex.

It is further ordered that defendant, Tennessee Secondary School Athletic Association be, and it hereby is, enjoined from imposing any sanctions against the Board

---

3. Coach Kreis did testify that the way the team has played this year, collisions have not been infrequent.

4. One court has taken judicial notice that baseball is a contact sport. *Magill v. Avonworth Baseball Conference,* 364 F.Supp. 1212, 1216 (W.D.Pa.1973). This case was vacated and remanded without opinion by the Third Circuit Court of Appeals, 497 F.2d 921 (3rd Cir. 1974), and was later decided on the ground that there was no state action. 516 F.2d 1328 (3rd Cir.

1975). We do not think that this is a proper subject for judicial notice.

The Department of Health, Education and Welfare has defined a contact sport as follows, but this definition is in no sense binding on the Court:

"[C]ontact sports including boxing, wrestling, rugby, ice hockey, football, basketball and other sports the purpose of major activity of which involves bodily contact." 45 C.F.R. § 86.41.

of Education of Morgan County, John W. Galloway, Jake Gamble and Carl Edward Kreis, or any other representative of Central High School of Wartburg, Tennessee, on account of permitting plaintiff, Jo Ann Carnes, to participate in the athletic program or for any other matter growing out of this lawsuit.

This case involves a substantial question and we are of the opinion that the public interest would be served by preliminary relief. *See SEC v. Senex Corp.,* 534 F.2d 1240 (6th Cir. 1976).

Order Accordingly.