Victoria Ann **CAPE**, Plaintiff-Appellee,

v.

**TENNESSEE SECONDARY SCHOOL ATHLETIC ASSOCIATION,**
Defendant-Appellant.

No. 77–1153.

United States Court of Appeals, Sixth Circuit.

Argued June 22, 1977.

Decided Oct. 3, 1977.

Charles Hampton White, Cornelius, Collins, Higgins & White, Nashville, Tenn., for defendant-appellant.

Ann Mostoller, Oak Ridge, Tenn., for plaintiff-appellee.

Before CELEBREZZE and ENGEL, Circuit Judges and WEINMAN, Senior District Judge.*

PER CURIAM.

Tennessee Secondary School Athletic Association appeals from a judgment of the district court declaring that present TSSAA rules applicable to girls' basketball violate the Equal Protection Clause of the Four-

teenth Amendment. The challenged rules call for six instead of five players on each team, impose half-court restrictions, and permit only forwards to shoot. A comparison of the TSSAA girls' rules and those published by the National Federation of State High School Associations (NFSHSA), as set forth in the trial judge's opinion, appears as an addendum hereto.

Following a trial on the merits, the district judge issued a memorandum and order in which he concluded that there was no rational relationship between the legitimate state objectives and the chosen sex-based classifications. He held further that plaintiff's injury was not de minimis, and that she was thus entitled to redress.[1]

The original declaratory judgment was augmented on December 27, 1976 by a further order enjoining TSSAA and other named defendants from promulgating and enforcing the basketball rules which the court found to be unconstitutional. We reverse.

Plaintiff Victoria Ann Cape, a junior at the Oak Ridge High School in Oak Ridge, Tennessee, played as a guard on the Oak Ridge High School girls' basketball team during the 1975–1976 year. Plaintiff's complaint alleged that as a guard under the girls' rules, she was never able to "set up plays" and otherwise participate in the full playing and strategy of the game in such a manner as would be permitted under traditional basketball rules. She claimed that being deprived of the opportunity to play a full-court game and to shoot the ball (a function, which under the girls' rules, is confined to the forwards) makes it virtually impossible for her to obtain an athletic scholarship in basketball, as she lacks the necessary training in the shooting skills. Plaintiff points out that the State of Tennessee is only one of five states that contin-

---

* Honorable Carl A. Weinman, Senior Judge, United States District Court for the Southern District of Ohio, sitting by designation.

1. The trial court predicated jurisdiction upon 28 U.S.C. § 1343(3) and granted relief under 42 U.S.C. § 1983. The court rejected the applica-

bility of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq., because it concluded that Title IX could not be interpreted as a grant of a private cause of action and the plaintiff had not exhausted her administrative remedies.

ue to use separate rules for girls' basketball.

Following a trial on the merits, the district court specifically found no rational relationship between the different game rules and advancement of any of five admittedly legitimate objectives which the defendants sought to achieve:

1. To protect those student activities [sic] who are weaker and incapable of playing the full-court game from harming themselves.

2. To provide the opportunity for more student athletes to play in basketball games.

3. To provide the opportunity for awkward and clumsy student athletes to play defense only.

4. To provide a "more interesting" and "faster" game for the fans.

5. To ensure continued crowd support and attendance (game receipts) because these fans are accustomed to a split-court game.

Plaintiff did not sue as representative of a class and there is no indication that the other members of her sex who play girls' basketball under present rules share in any way plaintiff's views. Nevertheless, she has succeeded in procuring the order of a federal court which imposes her own personal notions as to how the game of basketball should be played upon not only the high school which plaintiff attends, but upon the approximately 526 junior and senior high schools, both public and private, in the State of Tennessee which are members of the Tennessee Secondary School Athletic Association.

No challenge is made here to the most apparent sex-based classification in this case. Entirely separate basketball leagues for males and females are maintained on the basis of sex.[2] It must therefore be assumed, for the purposes of this case, that this classification by gender is valid, as it serves important governmental objectives and is substantially related to the achievement of them. *Craig v. Boren*, 429 U.S.

190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976); *Reed v. Reed*, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971).

When the classification, as here, relates to athletic activity, it must be apparent that its basis is the distinct differences in physical characteristics and capabilities between the sexes and that the differences are reflected in the sport of basketball by how the game itself is played. It takes little imagination to realize that were play and competition not separated by sex, the great bulk of the females would quickly be eliminated from participation and denied any meaningful opportunity for athletic involvement. Since there are such differences in physical characteristics and capabilities, we see no reason why the rules governing play cannot be tailored to accommodate them without running afoul of the Equal Protection Clause.

There is no evidence of any intent to discriminate between the sexes. There is no claim that defendants discriminated in furnishing services and facilities on the basis of sex. Plaintiff's remedy, if any, should more appropriately be directed to activity within the framework of the Association itself, a framework which is not shown to be inadequate to resolve issues of this sort.

Reversed and remanded for entry of judgment for the defendants. No costs, a public question being involved.

ADDENDUM

| TSSAA Girls' Rules | NFSHSA Girls' & Boys' Rules |
| --- | --- |
| 1. Each team has six players (three forwards and three guards) one of whom is the captain. | Each team has five players, one of whom is the captain. |
| 2. After the scorers are notified, any player in the game may change from one court to the other during an intermission, between periods, during a charged time-out and following a substitution. (This must mean changing from one half-court to the other half-court). | Since all players play on the full-court, there is no comparable rule. |

**2.** Whether plaintiff would be precluded from competing for a berth on the boys' basketball team, we do not know. She does not complain of it.

3. Only forwards may play in their team's front court (the half-court that includes that team's basket). Only guards may play in their team's back court (the half-court that includes the opposing team's basket).

All ten players on the court may play on the entire court, front and back. There are restrictions on "back courting" a ball by the team in control.

4. Forwards may throw the ball into play (e.g. after the opposing team scores) from the center restraining circle.

The center restraining circle is never used as an area from which to throw the ball into play.

5. Only forwards may score a goal for their team.

Any team member may score a goal for his or her team.

6. Playing time shall be four seven-minute quarters.

Playing time shall be four eight-minute quarters.

7. If the score is tied at the end of a regular game, play continues without change for one or more extra periods. Each extra period shall be two minutes in time.

Same—except each extra period is three minutes in time.

8. All held balls are jumped at the nearest free throw circle, except when a held ball is called between two opponents from different ends of the court (e.g. between forwards from opposing teams.)

All held balls are jumped at the nearest free throw circle.

9. Only forwards may shoot free throw(s) awarded because of a personal foul. (When a guard is fouled, a forward must shoot the free throw).

The offended player shoots his or her own free throw(s) awarded because of a personal foul, except when injury or disqualification forces the player to withdraw.