Tamara Lynette WARD, etc., Plaintiff,

v.

James B. ROBINSON et al., Defendants.

No. CIV-2-78-47.

United States District Court,
E. D. Tennessee,
Northeastern Division.

July 12, 1978.

Supplemental Opinion Sept. 1, 1978.

Charlton R. DeVault, Jr., Kingsport, Tenn., for plaintiff.

William C. Bovender and William T. Gamble, Kingsport, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a civil rights action brought under the provisions of 42 U.S.C. § 1983 seeking damages aggregating $225,000 for the defendants' deprivation of the plaintiff's " * * * constitutionally protected right to engage in the interscholastic sport of basketball at a public school * * *" by dismissing her from the team without a hearing. 28 U.S.C. § 1343(3). The defendants moved for a dismissal of this action for the failure of the plaintiff to state a claim against them upon which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure.

" * * * The plain words of the statute [42 U.S.C. § 1983] impose liability * * * only for conduct which 'subjects, or causes to be subjected' the complainant to a deprivation of a right secured by the Constitution and laws [of the United States]. * *" Rizzo v. Goode (1976), 423 U.S. 362, 370–371, 96 S.Ct. 598, 604, 46 L.Ed.2d 561, 569. " * * * Participation in interscholastic athletics is not a constitutionally protected civil right. * * *" Albach v. Odle, C.A. 10th (1976), 531 F.2d 983, 984–985[1], accord: Parish v. National Collegiate Athletic Association, C.A. 5th (1975), 506 F.2d 1028, 1034[11]; Mitchell v. Louisiana High School Athletic Association, C.A. 5th (1970), 430 F.2d 1155, 1158[5]; Cape v. Tennessee Secondary Sch. Athletic Ass'n, D.C.Tenn. (1976), 424 F.Supp. 732, 739, reversed on other grounds, C.A. 6th (1977), 563 F.2d 793, citing TSSAA v. Williams, C.A. 6th (1976), no. 76–1067 decided and filed April 8, 1976; [1] and Tennessee Secondary Sch. Athletic Ass'n v. Cox, (1968), 221 Tenn. 164, 425 S.W.2d 597, 602[4]. Neither does this Court think that the plaintiff was entitled to any sort of a due process hearing.[2] See generally Board of Curators, Univ. of Mo. v. Horowitz (1978), 435 U.S. 78, 98 S.Ct. 948, 55 L.Ed.2d 124.

This Court does not sit to administer interscholastic high school athletics in this state nor to review the day–to–day decisions of those persons who are charged with this aspect of public school administration. See e. g. Cape v. Tennessee Secondary Sch. Athletic Ass'n, C.A. 6th (1977), 563 F.2d 793.

---

1. Apparently this opinion of the Sixth Circuit was not reported.

2. Kelly v. Metropolitan County Bd. of Ed. of Nashville, Etc., D.C.Tenn. (1968), 293 F.Supp. 485, relied on by the plaintiff is unpersuasive. There, Judge Miller was confronted with " * * * the denial of interscholastic athletic activities to an entire school in all sports for a period of one year, a penalty affecting the guilty and the innocent alike. * * *" Ibid., 293 F.Supp. at 493.

While the Court is mindful of the admonition that it act carefully when asked to dismiss a civil rights action at the pleading stage, see *Westlake v. Lucas*, C.A. 6th (1976), 537 F.2d 857, 858[1]; where, as here, such a complaint fails to allege conduct which, if true, would amount to the deprivation of the federally–protected right, the action should be dismissed, see *Estelle v. Gamble* (1976), 429 U.S. 97, 105–107, 97 S.Ct. 285, 291–292, 50 L.Ed.2d 251, 261–262[13a].

The motion of the defendants hereby, is GRANTED, and this action hereby is DISMISSED for the failure of the plaintiff to state a claim upon which relief can be granted herein.

### SUPPLEMENTAL OPINION of July 12, 1978

In its memorandum opinion and order herein of July 12, 1978 the Court relied *inter alia* on *Mitchell v. Louisiana High School Athletic Association*, C.A. 5th (1970), 430 F.2d 1155. Further research now reveals that the Court of Appeals for this circuit, also relying on *Mitchell, supra,* has held specifically that the privilege of participating in interscholastic athletics falls outside the protection of the due process clause of the Constitution, Fourteenth Amendment. *Hamilton v. Tenn. Secondary Sch. Athletic Ass'n*, C.A. 6th (1976), 552 F.2d 681, 682[2].*

---

* This is obviously the same decision as *TSSAA v. Williams*, C.A. 6th (1976), no. 76–1067 decided and filed April 8, 1976, which was cited by Judge Taylor in *Cape v. Tennessee Secondary*