David JOHNSON et al., Plaintiffs-Appellants,

v.

Joe HOOD et al., Defendants-Appellees.

No. 28066.

United States Court of Appeals, Fifth Circuit.

Aug. 3, 1970.

for the office of Constable, Beat 4, Yazoo County, Mississippi after ten votes for Johnson, which had been challenged, were rejected by the County Election Commission pursuant to State law. Johnson and the voters whose ballots were rejected brought action in the district court for declaratory and injunctive relief to require the County Election Commission to count all of the rejected ballots and to install the Plaintiff Johnson as the duly elected Constable. The case was tried on the pleadings and stipulated facts. The complaint is more noteworthy for what it failed to allege than for what it asserted. It contained no averment that the Mississippi election laws governing registration, challenge procedures or methods for contesting challenged votes, were unconstitutional or illegal under federal law. It nowhere ascribed any violation of State law to the actions of the election commission or proposed that the commissioners acted ingeniously or ingenuously to discriminate against any registrant, voter or candidate on account of race or claimed that the procedures followed by the commission in conducting the challenge contest were inadequate. The only averment of the complaint that need be analyzed and discussed here is the allegation that the result of the procedures followed—the rejection of the ballots—was arbitrary and capricious and without reasonable basis.

The district court ruled, on the merits of the controversy, that the commission acted erroneously in rejecting two contested votes but, after examination, the court affirmed the commission's action in rejecting the remaining eight ballots, which left the result of the election unchanged.[1] We have determined upon a consideration of the pleadings and the stipulated evidence that there is no jurisdiction in the federal court system over any of plaintiffs' claims. Since the district court lacked jurisdiction the judgment appealed from is vacated and the

———◆———

Armand Derfner, James A. Lewis, Jackson, Miss., for plaintiffs-appellants.

Will S. Wells, Asst. Atty. Gen. of Miss., Jackson, Miss., J. H. Hogue, Jr., John S. Holmes, Griffin Norquist, Yazoo City, Miss., for defendants-appellees.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

Thomas W. Leach was declared the winner by a margin of six votes over David Johnson in the general election

1. The errors found were on State grounds and did not rise to federal constitutional dimensions.

case is remanded to the district court with directions to dismiss the complaint.

■■■ The suit was instituted pursuant to 42 U.S.C.A. § 1983 (1970) and jurisdiction was allegedly based upon 28 U.S.C.A. § 1343(3) (1962).[2] The jurisdictional requirement of a 42 U.S.C.A. § 1983[3] action under 28 U.S.C.A. § 1343 (3)[4] is an allegation of a deprivation of some right secured by the Constitution or laws of the United States by a person acting under color of state law.[5] There is no doubt that the election commission was acting under color of state law in the case sub judice, but it is equally true that plaintiffs' allegations read in the light of the stipulated evidence showed no basis for asserting a deprivation of any rights secured by the Constitution or federal law.[6] The claim pleaded and litigated was that the rights of the plaintiffs had been denied by arbitrary, capricious action of the election commission and thus plaintiffs had been deprived of due process of law in violation of the Fourteenth Amendment. But the right to vote in a state election, in itself, is not a right secured by the Constitution or by federal law. Thus, even an improper denial of the right to vote for a candidate for a state office achieved by state action " * * * is not a denial of a right of property or liberty secured by the due process clause." Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944). *See* Cave v. Missouri ex rel. Newell, 246 U.S. 650, 38 S.Ct. 334, 62 L.Ed. 921 (1918); Pope v. Williams, 193 U.S. 621, 632, 24 S.Ct. 573, 575, 48 L.Ed. 817 (1904); Taylor v. Beckham, 178 U.S. 548, 20 S.Ct. 890, 44 L.Ed. 1187 (1900); Minor v. Happersett, 21 Wall. 162, 22 L.Ed. 627 (1875); Bynam v. Burns, 379 F.2d 229 (8th Cir. 1967). *See also* Dorsey v. N. A. A. C. P., 408 F.2d 1202 (5th Cir. 1969).

■■■ In this court appellants also press the claim that their complaint alleged that the actions of the election commission denied them equal protection of

2.  Plaintiffs also referred the court to 28 U.S.C.A. § 2201 (1959), conferring declaratory relief jurisdiction, and to 28 U.S.C.A. § 1331 (1966), the general federal question jurisdictional grant. However, in the context of this case, both of these grounds are contingent on § 1983– § 1343(3) jurisdiction. Likewise the reference to 28 U.S.C.A. § 1343(4) (1962), which grants federal jurisdiction " * * * to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.", confers no additional ground of jurisdiction because the only Act of Congress on which relief was here sought was § 1983.

3.  "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

4.  "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
    *   *   *   *   *
    "(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;"

5.  For a discussion of the legislative background and judicial history of § 1983, see Part II, Adickes v. S. H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

6.  Certainly, plaintiffs do not have to prove or show (as contrasted with allege) anything to invoke the jurisdiction of the district court. But when the pleadings and the proof adduced combine at any stage of a proceeding to demonstrate that the claim presented is insubstantial or frivolous, jurisdiction then fails. Cf. Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946), where the Court considered the contentions, affidavits and counteraffidavits of the parties in deciding that the petitioner's claim was neither insubstantial or frivolous.

the law. Unless it is "insubstantial or frivolous", a claimed denial of equal protection by state action would arise under the Constitution and thus be within the ambit of 28 U.S.C.A. § 1343. Baker v. Carr, 369 U.S. 186, 199–200, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962); Bell v. Hood, *supra* note 5. However, the claim made here, when considered in the full light of the proof submitted to sustain it by the plaintiffs, is patently insubstantial. The pleadings and proof in the district court failed to alleged or show that any person *whose vote was challenged* had been allowed by the election commission or the courts to have his vote counted.

Moreover, plaintiffs' contention ignores the valid Mississippi procedure for maintaining the integrity of its election processes by permitting challenges by any person to improper voting and by providing a method by which such challenges can be heard and resolved by the election commission de novo with a right of appeal to the State courts.[7] Undeniably, the State has not only an interest in but also an obligation to provide orderly, honest elections. Measures reasonably calculated to this end, such as the prevention of double voting, are solely within the ambit of State control. Plaintiffs' equal protection claim when placed in juxtaposition with a valid State procedural scheme, which insures that citizens vote only in precincts in which they reside and are properly registered for a reasonable time prior to voting, falls markedly short of revealing a substantial federal claim.

The judgment appealed from is vacated and the cases are remanded to the district court with directions to dismiss the complaint.

Vacated and remanded with directions.

---

7. Miss.Code Ann. §§ 3170, 3224–3228 (1942). § 3170, governing challenges in primary elections, has no counterpart in the general election laws but is regarded as in para materia with them. Lopez v. Holleman, 219 Miss. 822, 69 So.2d 903 (1954).