Robert Adamek et al. *v.* Pennsylvania Interscholastic Athletic Association, Incorporated, a corporation a/k/a P.I.A.A.

School District of Penn Hills *v.* Pennsylvania Interscholastic Athletic Association.

Pennsylvania Interscholastic Athletic Association, a corporation, Appellant.

Argued November 20, 1980, before Judges MENCER, ROGERS and PALLADINO, sitting as a panel of three.

*Rod J. Pera,* with him *William M. Young, Jr., Mc-Nees, Wallace & Nurick,* for appellant.

*John M. Tighe,* with him *Martin F. P. Vinci, III, Tarasi & Tighe,* for appellees.

OPINION BY JUDGE MENCER, March 3, 1981:

The Pennsylvania Interscholastic Athletic Association, Incorporated (PIAA) appeals from that portion of the order of the Court of Common Pleas of Allegheny County enjoining PIAA from causing the School District of Penn Hills varsity football team to forfeit three football victories. We reverse in part and affirm in part.

Penn Hills School District (Penn Hills) reported to PIAA, a nonprofit membership corporation composed of public and private high schools, that it had used a player on its football team who was academically ineligible under PIAA rules. The ineligible player had participated in three football games but did not contribute in any effective manner to the victory of each game. PIAA, after hearing, ordered Penn Hills to forfeit these three games. The forfeiture would have the effect of eliminating the football team from playoff competition.

Several of the students on the team and Penn Hills subsequently sued in the lower court, seeking to enjoin PIAA from enforcing its order. The lower court reversed the action of PIAA and allowed Penn Hills to participate in the playoffs but ordered Penn Hills to forfeit its right to the net proceeds earned in any postseason game. This appeal followed.

The threshold issue in this case is whether participation in a sports program is a property right which each student enjoys and, concomitantly, whether the restriction imposed by PIAA is a deprivation of those property rights in contravention of procedural due process.

While this precise question is a novel one for this Court, no fewer than thirty jurisdictions have previously addressed this issue. The overwhelming majority of these jurisdictions have rejected the notion that participation in athletics is a property right.[1]

---

[1] See, e.g., Walsh v. Louisiana High School Athletic Ass'n, 616 F.2d 152, reh. denied, 621 F.2d 440 (5th Cir. 1980); Hamilton v. Tennessee Secondary School Athletic Ass'n, 552 F.2d 681 (6th Cir. 1976); Albach v. Odle, 531 F.2d 983 (10th Cir. 1976); Parish v. NCAA, 506 F.2d 1028 (5th Cir. 1975); Mitchell v. Louisiana High School Athletic Ass'n, 430 F.2d 1155 (5th Cir. 1970); Oklahoma High School Athletic Ass'n, v. Bray, 321 F.2d 269 (10th Cir. 1963); Kite v. Marshall, 494 F. Supp. 227 (S.D. Tex. 1980); Ward v. Robinson, 496 F. Supp. 1 (E.D. Tenn. 1978); Kulovitz v. Illinois High School Ass'n, 462 F. Supp. 875 (N.D. Ill. 1978); Yellow Springs Exempted Village School Dist. v. Ohio High School Athletic Ass'n, 443 F. Supp. 753 (S.D. Ohio 1978); Colorado Seminary v. NCAA, 417 F. Supp. 885 (D. Colo. 1976); aff'd, 570 F.2d 320 (10th Cir. 1978); Dallam v. Cumberland Valley School Dist., 391 F. Supp. 358 (M.D. Pa. 1975); Stock v. Texas Catholic Interscholastic League, 364 F. Supp. 362 (N.D. Tex. 1973); Taylor v. Alabama High School Athletic Ass'n, 336 F. Supp. 54 (Md. Ala. 1972); Paschal v. Perdue, 320 F. Supp. 1274 (S.D. Fla. 1970); Florida High School Activities Ass'n, Inc. v. Bradshaw, 369 So.2d 398 (Fla. App. 1979); Smith v. Crim, 240 Ga. 390, 240 S.E.2d 884 (1977); Kriss v. Brown, 390 N.E.2d 193 (Ind. App. 1979); Kentucky High School Athletic Ass'n v. Hopkins Coun-

We find the majority rationale more persuasive. *Dallam v. Cumberland Valley School District, supra* note 1, accurately reflects the majority reasoning.

It is significant that in the context of finding a property interest in education the majority in Goss [v. Lopez, 419 U.S. 565 (1975)] spoke in terms of a 'total exclusion from the educational process.' 419 U.S. at 576, 95 S.Ct. at 737. It seems to us that the property interest in education created by the state is participation in the entire process. The myriad activities which combine to form that educational process cannot be dissected to create hundreds of sep-

---

*ty Bd. of Educ.*, 552 S.W.2d 685 (Ky. App. 1977) ; *Sanders v. Louisiana High School Athletic Ass'n*, 242 So. 2d 19 (La. App. 1970) ; *NCAA v. Gillard*, 352 So.2d 1072 (Miss. 1977) ; *State ex rel. Missouri State High School Activities Ass'n v. Schoenlaub*, 507 S.W.2d 354 (Mo. 1974) ; *Bruce v. South Carolina High School League*, 258 S.C. 546, 189 S.E.2d 817 (1972) ; *Tennessee Secondary School Athletic Ass'n v. Cox*, 221 Tenn. 164, 425 S.W.2d 597 (1968) ; *Sullivan v. University Interscholastic League*, 599 S.W.2d 860 (Tex. Civ. App. 1980) ; *Trofimuk v. PIAA*, 7 D. & C.3d 712 (C.P. Butler 1978). *Contra, Behagen v. Intercollegiate Conf. of Fac. Reps.*, 346 F. Supp. 602 (D. Minn. 1972) ; *Kelley v. Metropolitan County Bd. of Educ. of Nashville*, 293 F. Supp. 485 (M.D. Tenn. 1968) ; *Lee v. Macon County Bd. of Educ.*, 283 F. Supp. 194 (M.D. Ala. 1968) ; *California State Univ., Hayward v. NCAA*, 47 Cal. App. 3d 533, 121 Cal. Rptr. 85 (1975).

One jurisdiction, while recognizing the general rule, nevertheless suggested that total exclusion from participation in sports for a lengthy period of time may be enough to give rise to a due process claim. *Pegram v. Nelson*, 469 F. Supp. 1134 (M.D. N.C. 1979).

Some courts have determined that a property right in sports exists but have done so in the context of an equal-protection analysis. *Brenden v. Independent School Dist. 742*, 477 F.2d 1292 (8th Cir. 1973) ; *Moran v. School Dist. No. 7, Yellowstone County*, 350 F. Supp. 1180 (D. Mont. 1972).

Some courts have avoided the property interest/due process issue by deciding that the students had received due process. *Howard Univ. v. NCAA*, 510 F.2d 213 (D.C. Cir. 1975) ; *Davis v. Central Dauphin School Dist. School Bd.*, 466 F. Supp. 1259 (M.D. Pa. 1979).

arate property rights, each cognizable under the Constitution. Otherwise, removal from a particular class, dismissal from an athletic team, a club or any extracurricular activity, would each require ultimate satisfaction of procedural due process.

We do not read Goss as creating an avenue of judicial intervention into the basic, daily discretionary activities of the public schools. . . .

. . . .

. . . The court concludes that there exists no constitutionally protected property interest in competing for a place on a high school athletic team. To hold otherwise would too greatly strain the concept of property.

*Id.* at 361-62 (footnote omitted).

The possibility of athletic scholarships does not invest the student with a property right.

Courts which have entertained the question have refused to discern a property interest in interscholastic athletic competition. It is not part of 'a student's entitlement to a public education,' as delineated in Goss v. Lopez, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed. 2d 725 (1975); Albach v. Odle, 531 F.2d 983 (10th Cir. 1976). Moreover, injury from lost media exposure and lost opportunities for athletic scholarships are 'too speculative to establish a property interest as defined in [Roth'] Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed. 2d 548 (1972)[.] Parish v. National Collegiate Athletic Ass'n, 506 F.2d 1028 [1034 n. 17] (5th Cir. 1975).

*Yellow Springs Exempted Village School District Board of Education v. Ohio High School Athletic Association, supra* note 1, at 758 n. 37.

Having concluded that the student plaintiffs have no property interest in participating in interscholastic sports,[2] we must reverse the lower court on this point and affirm the action of PIAA.[3]

Order reversed in part and affirmed in part.

ORDER

Now, this 3rd day of March, 1981, that portion of the order of the Court of Common Pleas of Allegheny County in the above captioned matter, dated November 2, 1979, which enjoined Pennsylvania Interscholastic Athletic Association, Incorporated, a corporation a/k/a P.I.A.A., from ordering or causing Penn Hills football team to forfeit three football victories, is hereby reversed. In all other respects the order is affirmed.

---

[2] No reason has been presented, nor do we discern any, as to why the interests of the school district would require a different result. The interest of a school district in preserving its good reputation is not a property interest, *Colorado Seminary v. NCAA, supra* note 1, nor can this Court perceive any other interest which would rise to the level of a constitutionally protected property interest. Penn Hills did not cross-appeal from the forfeiture portion of the order relating to net proceeds earned in postseason games.

[3] In view of our decision, we need not address whether the student plaintiffs were accorded procedural due process in PIAA's imposition of the forfeiture penalty.