## Clouse v. East Stroudsburg Area School District

*Mark L. Newman,* for plaintiffs.
*Thomas F. Dirvonas,* for defendant.

O'BRIEN, *J.,* September 30, 1987—

### FINDINGS OF FACT

(1) Michael A. Clouse was born February 18, 1971, and is presently a member of the Junior Class

28

at East Stroudsburg High School, Monroe County, Pa.

(2) On March 11, 1987, Michael was found to be in the possession of a small amount of marijuana, to wit less than one ounce, at East Stroudsburg High School. As a consequence, he was suspended from school for a period of 10 days and a juvenile petition was filed with the Monroe County Common Pleas Court.

(3) On June 9, 1987, the juvenile division of this court entered an order placing Michael on probation for a period of six months and requiring 20 hours of community service, a drug and alcohol evaluation, and periodic urinalysis by the Monroe County Probation Department.

(4) Michael completed the school suspension imposed by defendant and has complied with all terms and conditions of his probation imposed by the court.

(5) On the last day of the 1986-87 school year, to wit on or about June 12, 1987, Michael requested a sign-up card from head football coach Ed Christian but was advised by Christian that "it would be better if he didn't play because he had a drug problem."

(6) In the evening of the last day of school, Coach Christian advised Michael Clouse's mother in a telephone conversation that her son had a drug problem and he would not play on the football team "no matter what."

(7) Coach Christian did not investigate Michael's alleged drug problem but relied solely on the March 11, 1987, incident which occurred at the high school.

(8) On or about June 24, 1987, John Lambert, superintendent of the East Stroudsburg Area School District, advised Michael's mother that if negative urinalysis tests for drugs were provided to

the school, her son would be permitted to play football. On that same date, Michael's mother contacted the Monroe County Probation Department and requested a drug test to be conducted.

(9) Following his June 24, 1987, conversation with Mrs. Clouse, Superintendent Lambert advised coach Christian and Athletic Director Jim Reynolds that school district policy permitted any student to try out for any sport.

(10) In the fall of 1986, Michael was a member of the varsity football team and a starting defensive back. In Coach Christian's opinion, as a sophomore Michael was one of the three best defensive backs on the varsity football team.

(11) On August 11 and August 12, 1987, Michael appeared at the East Stroudsburg High School Stadium for the purpose of taking the necessary actions and securing the necessary documentation prior to the start of varsity football practice on August 17. Due to circumstances beyond Michael's control, this objective was not accomplished.

(12) On August 19, 1987, the Monroe County Probation Department provided defendant school district with a report that Michael had been tested for various illegal drugs, including marijuana, and found to be clean.

(13) On September 21, 1987, plaintiffs commenced this equity action which included a request for injunctive relief.

## DISCUSSION

Plaintiffs' brief relying upon the decision of the United States Supreme Court in *Goss v. Lopez,* 95 S.Ct. 729, (1975) and its progeny urges this court to grant injunctive relief to prevent irreparable harm to Michael from the action of defendant school district precluding him from participating in interscho-

lastic football. In response, the school district relying upon *Adamek v. Pennsylvania Interscholastic Athletic Association*, 57 Pa. Commw. 261, 462 A.2d 1206 (1981), argues that participation in interscholastic athletics is not a property right protected by the United States Constitution, and therefore, this court has no right to intervene in school district decisions with respect thereto.

In view of the fact that the high school football season is now underway, the immediate issue to be determined by this court is whether or not a preliminary injunction should be granted to allow Michael to participate in the football program. In *P.I.A.A. v. Geisinger, et al.*, 81 Pa.Commw. 421, 474 A.2d 62 (1984), our Commonwealth Court affirmed the action of the Luzerne County Common Pleas Court in granting a preliminary injunction to allow two student athletes to participate in interscholastic athletics during their senior year in high school. In that case, the Commonwealth Court set forth the following test to be applied by a court of common pleas in determining whether or not to grant a preliminary injunction:

"A preliminary injunction is properly granted if it is necessary to prevent immediate and irreparable harm which could not be compensated by damages, greater injury would result from refusing it than by granting it, and it will restore the parties to the status quo existing prior to the defendant's alleged wrongful conduct. In addition, plaintiff's right to a preliminary injunction should be clear. (citations omitted). However, since a preliminary injunction is designed to preserve the status quo until the legality of the challenged action can be determined on the merits, one seeking a preliminary injunction is not required to establish his or her claim absolutely."

While the weight of authority supports the proposition that participation in interscholastic athletics is not a property right, there are factual circumstances in which such participation can become a property right. In *Davis v. Central Dauphin School District,* 466 F.Supp. 1259 (1979), Judge Muir of the United States District Court for the Middle District of Pennsylvania held that where a school district has a policy which affords all students the right to participate in interscholastic athletics, the issue of whether such a policy creates a property interest in a student athlete for such participation is a substantial federal question. In the instant case, the superintendent of defendant school district candidly testified that he had advised both the football coach and the athletic director that it was the policy of the school district to afford all students an opportunity to participate in any sport. Therefore, there is at issue in this proceeding a substantial question of whether or not Michael Clouse's constitutional rights have been infringed by the actions of defendant school district. Counsel for defendant in his brief, cautions this court against interfering with the actions of a school board as proscribed in *McCoy v. Lincoln Intermediate Unit,* 38 Pa. Commw. 29, 391 A.2d 1119 (1978). We note that in this proceeding we are not dealing with the action of a school board but rather the action of a football coach apparently in contravention of the school district's own policy. There is no question that the harm of denying Michael participation in this year's football program is irreparable and cannot be compensated by damages awarded at some time in the future. Also it is clear that greater damage will result from refusing the request for injunctive relief than by granting it. All the elements which the Commonwealth Court found appropriate for the grant of a

preliminary injunction in *P.I.A.A. v. Geisinger, et al,* supra, are present in the case at bar.

We were impressed with the candor of the testimony of both Coach Christian and Superintendent Lambert at the evidentiary hearing before the court. Coach Christian testified that he had advised both Michael and his mother that he does not want him as a member of the team because he had a drug problem. Unfortunately, there is no evidence in the record before us, nor was there in the juvenile court proceeding that Michael had a "drug problem." The only evidence on the drug issue was that Michael had less than an ounce of marijuana on his person in the high school on March 11, 1987, and subsequently tested clean for use of marijuana or any other illegal drugs in the summer of 1987. While we symphathize with Coach Christian's concern for the integrity of his student athletes, we cannot support a decision which was made in an arbitrary fashion and without foundation in fact. Further, we should add that we are unimpressed with the attempted end run by counsel for defendant school district to attribute Michael's nonparticipation to his violation of other unwritten rules of the team. For example, counsel for the school district makes much of the fact that Michael failed to attend two team meetings both of which occurred prior to Michael's conversation with Coach Christian on the last day of school. However, Coach Christian made no mention to Michael or his mother that the nonattendance at these meetings had any bearing on his decision with respect to Michael's participation on the team.

In conclusion we note with dismay the reliance of many legal writer's on the potential of a student athlete to achieve a college scholarship as a basis to support the student's participation in high school athletics. In our opinion, the caliber of performance

or degree of skill of a student athlete should have no bearing on the issue. The student's participation in high school athletics or the arts is an integral part of the development of a young adult. The personal discipline and personal confidence developed by such participation and the opportunity to benefit from the leadership and inspiration of distinguished coaches such as Ed Christian is invaluable to the future of our young adults. While it is not the province of a court to interfere with the "on-the-field" supervision of student participants, we do not hesitate to interfere to afford each student the opportunity for that "on-the-field" participation. The legal issue having been resolved by this court, a true test of character awaits both Michael Clouse and Coach Christian. Will Michael have the perseverance, patience and strength of character to work his way back into the good graces of his coach? Will Coach Christian afford Michael that opportunity? We hope so.

## CONCLUSIONS

(1) The action of defendant school district, by its employee, in denying Michael A. Clouse the opportunity to participate in the interscholastic football program was arbitrary, capricious and in violation of its own policy.

(2) Michael A. Clouse suffers immediate and irreparable harm that cannot be compensated by a future award of damages by his exclusion from participation and greater injury would result from refusing injunctive relief than by granting it.

(3) Whether or not the policy of the East Stroudsburg Area School District affording all students the opportunity to participate in any sport creates a property right to Michael A. Clouse is a substantial federal question.

34

## ORDER

And now, this September 30, 1987, following hearing and in accordance with the provisions of Pa.R.C.P. 1531, plaintiff's prayer for a preliminary injunction is granted and defendant East Stroudsburg Area School District is directed to permit Michael A. Clouse to participate in the interscholastic football program forthwith. The participation of the student athlete shall be conditioned upon his remaining clean of any drug use which shall be substantiated by random urinalysis requested by the coaching staff of East Stroudsburg High School or the Monroe County Probation Department. Since no monetary damages are at issue in this proceeding, no bond shall be required by plaintiffs.