Deandra K. HAVERKAMP Plaintiff,

v.

UNIFIED SCHOOL DISTRICT # 380, et al., Defendants.

Civ. A. No. 86-2067-S.

United States District Court,
D. Kansas.

Fred W. Phelps, Jr., Phelps–Chartered, Topeka, Kan., for plaintiff.

Alan V. Johnson, Jeffrey W. Jones, Myron L. Listrom, Deanne Watts Hay, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Fred W. Rausch, Jr., Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendants' motion to dismiss. In considering a motion to dismiss, the factual allegations of the complaint must be taken as true and all reasonable inferences must be indulged in favor of the plaintiff. *Mitchell v. King*, 537 F.2d 385 (10th Cir.1976); *Dewell v. Lawson*, 489 F.2d 877 (10th Cir. 1974). A complaint should not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). The question is not whether a plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed. 2d 90 (1974).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and claims she was deprived of property and liberty without due process of law, that defendants' actions deprived her of her first amendment rights, and further, that she was subjected to corporal punishment without just cause or rational relation to the educational process.

The facts alleged by plaintiff are essentially as follows. Plaintiff is a recent January, 1986 graduate of Centralia High School in Centralia, Kansas. Prior to October 21, 1985, plaintiff was the Head Cheerleader for the high school varsity cheerleading squad. At all relevant times, defendant Kraushaar was Superintendent of Schools for defendant Unified School District No. 380 [hereinafter U.S.D. No. 380], defendant Zumbahlen was Principal of Centralia High School, and defendants Dibble and Sleeper were teachers employed by U.S.D. No. 380.

In October, 1985, plaintiff was given the opportunity to journey to Nashville, Tennessee to record an album. She received permission for the journey from defendants Kraushaar and Zumbahlen. However, defendants Dibble and Sleeper, who were pep club sponsors, removed plaintiff from the varsity cheerleading squad. Plaintiff alleges this was because of animosity and ill-feelings by defendants toward her. Defendants Kraushaar and Zumbahlen were informed of plaintiff's removal but refused to take any action on plaintiff's behalf. Plaintiff alleges her removal from the cheerleading squad was done without notice or hearing of any kind, thus violating her right to procedural due process.

Plaintiff further alleges she was subjected to an oppressive and embarrassing situation at the high school due to defendants' actions and on one occasion in January, 1986, defendant Dibble subjected her to corporal punishment without just cause, thereby resulting in plaintiff ending her public education prematurely in January, 1986. Plaintiff claims a property interest in her position as Head Cheerleader for the Centralia High School varsity cheerleading squad and also that her journey to Nashville to record an album was protected activity under the First Amendment of the United States Constitution and defendants' retaliatory actions against her violated her first amendment rights. Also, plaintiff claims liberty and property interests in the right to continue her high school education without interruption until May, 1986, and a liberty interest which was violated by defendant Dibble's conduct in corporal punishment against her.

The court will first consider the nature of plaintiff's interest in her position as Head Cheerleader for the high school varsity

cheerleading squad. Property interests are not created by the United States Constitution, but are created and their dimensions defined by existing rules or understandings that stem from an independent source such as state law. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). An interest in property arises only when there is a legitimate claim of entitlement to it; merely having an abstract need or desire for the particular benefit or unilateral expectation of it is insufficient. *Id.* at 577, 92 S.Ct. at 2709.

Defendants argue that no protected property interest exists in the right to participate in extracurricular scholastic activities. The Kansas courts apparently have not addressed this issue.

The United States Supreme Court in *Goss v. Lopez*, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975) found a student's entitlement to a public education to amount to a constitutionally-protected property interest. However, the Tenth Circuit Court of Appeals, when discussing *Goss*, noted that *Goss* spoke in terms of the "educational process" which included innumerable separate components such as participation in athletics and membership in school clubs, but found that each separate component does not create a property interest subject to constitutional protection. *Albach v. Odle*, 531 F.2d 983, 985 (10th Cir. 1976). *See also Colorado Seminary v. National Collegiate Athletic Assoc.*, 417 F.Supp. 885 (D.Colo.1976) *aff'd*, 570 F.2d 320 (10th Cir.1978).

The majority of cases discussing interscholastic athletics and other extracurricular activities have rejected the existence of a federally-protected property right. *See, e.g., Hebert v. Ventetuolo* 638 F.2d 5 (1st Cir.1981); *Walsh v. Louisiana High School Athletic Ass'n*, 616 F.2d 152, *reh. denied*, 621 F.2d 440 (5th Cir.1980); *Hamilton v. Tenn. Secondary School Athletic Ass'n*, 552 F.2d 681 (6th Cir.1976); *Okla. High School Athletic Ass'n v. Bray*, 321 F.2d 269 (10th Cir.1963); *Williams v. Hamilton*, 497 F.Supp. 641 (D.N.H.1980); *Kite v. Marshall*, 494 F.Supp. 227 (S.D.Tx.1980);

*Ward v. Robinson*, 496 F.Supp. 1 (E.D. Tenn.1978); *Kulovitz v. Illinois High School Ass'n*, 462 F.Supp. 875 (N.D.Ill. 1978); and *Paschal v. Perdue*, 320 F.Supp. 1274 (S.D.Fla.1970).

The court notes, however, that there are a group of cases holding that students have constitutionally-protected interests in extracurricular activities. One line of cases holds that participation in athletics gives rise to a property interest because interscholastic athletics can be a springboard to a higher education or a professional career in sports. *See, e.g., Boyd v. Board of Education of McGehee School District*, 612 F.Supp. 86 (D.Ark.1985) and *Behagen v. Intercollegiate Conference of Faculty Representatives*, 346 F.Supp. 602 (D.Minn. 1972). Another line of cases finding a constitutionally-protected property interest takes the view that interscholastic athletics are an integral part of the total education process. Illustrative of this view is *Kelley v. Metropolitan Board of Education of Nashville*, 293 F.Supp. 485 (M.D.Tenn. 1968). *Kelley* involved the suspension of the entire interscholastic athletic program within the high school for a period of one (1) year and the court viewed the severity and harshness of the punishment as a significant factor requiring adherence to procedural due process. A third group of cases holds that denial of the right to participate in extracurricular activities may amount to a constitutional violation where such denial violates the equal protection clause of the United States Constitution. The United States District Court for the District of Kansas addressed this situation in *Gilpin v. Kansas State High School Activities Ass'n, Inc.*, 377 F.Supp. 1233 (D.Kan.1974).

The *Gilpin* case considered the rights of a female student denied the right to compete on her high school's cross-country team because of a rule of the K–State High School Activities Association which provided that "boys and girls shall not be members of the same athletic teams in interscholastic contests." The court correctly noted that to state a cause of action under 42 U.S.C. § 1983, the plaintiff must show the conduct complained of was by a person

acting under color of state statutes or local law, custom or usage, and such conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or the laws of the United States. The court fully agreed with the contention that participation in interscholastic sports is not a fundamental right, however found that plaintiff could not be denied the opportunity to participate in athletics solely on the basis of her sex. The court struck down the rule on equal protection grounds and noted that the correct question to be considered was not whether plaintiff had an absolute right to participate in interscholastic athletics, but whether the plaintiff could be denied the benefit of activities provided by the state for male students.

In the instant case, the court finds that plaintiff's position as Head Cheerleader or as a member of the varsity cheerleading squad does not rise to the level of a constitutionally-protected property interest. The court declines to follow those few cases holding that a property interest exists because of the potential for future education or professional career opportunities. Any potential opportunities for the future derived from participation in interscholastic athletics amounts only to mere expectations and are insufficient for the creation of a constitutionally-protected property interest. Likewise, this case does not involve group punishment that is unduly harsh or severe as in *Kelley*, 293 F.Supp. 485. The court elects to follow the majority view holding that federally-protected property interests do not exist in participation in interscholastic extracurricular activities. Therefore, plaintiff's claim on this basis must be dismissed.

Plaintiff asserts that the facts as pled show a denial of equal protection because defendants' actions in removing her from her position as Head Cheerleader deprived her of her rights under the fourteenth amendment. This argument is tied into plaintiff's assertion that defendants deprived her of her right to free speech by retaliating against her by removing her from the cheerleading squad after she journeyed to Nashville to make a record. The

court will consider equal protection and first amendment claims together.

Local school boards have broad discretion in the management of school affairs. Federal courts should not ordinarily intervene in the resolution of conflicts which arise in the daily operation of school systems. *Board of Education v. Pico*, 457 U.S. 853, 102 S.Ct. 2799, 73 L.Ed.2d 435 (1982). Local school boards have a legitimate and substantial community interest in promoting respect for authority and traditional values. *Id.* However, the discretion of local school boards in matters of education must be exercised in a manner consistent with "the transcendent imperatives of the first amendment." *Id.* at 864, 102 S.Ct. at 2806–2807. Although first amendment rights are to be applied in light of the special characteristics of the school environment, it cannot be said "that either students or teachers shed their constitutional rights to freedom of speech or expression at the school house gate." *Tinker v. Des Moines School Dist.*, 393 U.S. 503, 506, 89 S.Ct. 733, 736, 21 L.Ed.2d 731 (1969). "[T]he court has repeatedly emphasized the need for affirming the comprehensive authority of the states and of school officials, consistent with fundamental constitutional safeguards, to prescribe and control conduct in the school." *Id.* at 507, 89 S.Ct. at 737.

Plaintiff correctly argues that she need not establish an underlying constitutionally-protected property or liberty interest in her position as Head Cheerleader in order to pursue her first amendment retaliation claim. *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972) makes clear that such an interest, although required for a procedural due process claim, is irrelevant to a free speech claim. *See also Owens v. Rush*, 654 F.2d 1370 (10th Cir.1981). However, the court cannot agree with plaintiff's assertion that defendants' actions deprived her of her first amendment rights. The facts thus alleged do not rise to the level of a constitutional violation. There is no indication that the nature of plaintiff's speech or associations led to her removal from the

cheerleading squad nor is there any indication of retaliation by school officials because plaintiff journeyed to Nashville to record an album. The actions of the defendants fall within the discretionary authority available to school officials and did not cause any restrictions on plaintiff's first amendment rights. A student's first amendment rights are to be considered in light of the special characteristics of the school environment. The court cannot find that defendants' actions violate the protections afforded plaintiff through the first amendment. It follows that plaintiff's claim under equal protection and first amendment violations must be dismissed.

▮ Next, the court will consider plaintiff's claim that she was deprived of liberty and property interests by defendants' actions preventing her from continuing her high school education without interruption until May, 1986. Plaintiff alleges that the conduct of defendants as described herein, resulted in her being forced to end her public education prematurely in January, 1986. Defendants argue that there is no constitutional right to graduate at a certain time, but only the right to be given the opportunity to graduate. Further, defendants argue that plaintiff has in fact completed her high school education. Plaintiff counters that she has a constitutionally-protected right to continued enrollment and that she was deprived of the benefits associated with participation in one's full final year of high school. Plaintiff also argues that her liberty interests were violated because the disciplinary action imposed upon her, along with its publication, has caused damage to her reputation.

All persons have an entitlement to the free public education which a state chooses to provide for its citizens. *Goss*, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975). A student's legitimate entitlement to a public education may not be taken away without adherence to minimal due process procedures. *Id.* The *Goss* case considered the extent of the procedures necessary prior to suspending a student from school for misconduct. In the instant case, there is no allegation that plaintiff was suspended or expelled because she chose to travel to Nashville during the school term. Rather, plaintiff alleges that because of defendants' actions in removing her from the cheerleading squad, an oppressive environment existed and thus she was forced to graduate early. Plaintiff was in no way deprived of the right to graduate. Plaintiff apparently likens this situation to one of constructive discharge. A constructive discharge case requires proof that a defendant deliberately undertook to get rid of an individual through the course of intentional conduct. *Irving v. Dubuque Packing Co.*, 689 F.2d 170 (10th Cir.1982). No allegations of this kind exist here. Even if the court were to conclude otherwise, plaintiff's claim would still be lacking because no constitutionally-protected interests are implicated by plaintiff's decision to graduate in January, 1986, rather than in May, 1986. Plaintiff received her free public education and was graduated. Plaintiff's arguments surrounding a liberty interest are not supported by the pleadings and there are no allegations that defendants publicized plaintiff's removal from the cheerleading squad, nor is there any indication of damage to plaintiff's reputation. This claim must therefore be dismissed.

Plaintiff's final claim concerns a deprivation of liberty. Plaintiff alleges she was deprived of her liberty interest by being subjected to corporal punishment at the hands of defendant Dibble. Plaintiff argues that she has stated a claim for a substantive due process violation.

▮ Disciplinary corporal punishment does not per se violate a public school child's substantive due process rights. *Hall v. Tawney*, 621 F.2d 607 (4th Cir. 1980). "The substantive due process inquiry in school corporal punishment cases must be whether the force applied caused injury so severe, was so disproportionate to the need presented, and was so inspired by malice or sadism rather than merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience." *Id.* at 613. Corporal punishment amounts to a deprivation of substan-

**1060**

tive due process when it is arbitrary, capricious, or wholly unrelated to the legitimate state goal of maintaining an atmosphere conducive to learning. *Woodard v. Los Fresnos Independent School Dist.*, 732 F.2d 1243 (5th Cir.1984).

A review of the complaint in this case leads the court to conclude that plaintiff has failed to establish a violation of her substantive due process rights caused by the alleged corporal punishment inflicted by defendant Dibble. The complaint is devoid of any facts pertaining to this claim. Plaintiff alleges only that "on one occasion in early January, 1986, defendant Dibble subjected plaintiff to corporal punishment without just cause or rational relationship to the education process ..." Plaintiff later elaborates by stating:

> Defendant Dibble's conduct in corporal punishment against plaintiff, which was subsequently ratified and approved by defendants Zumbahlen and Kraushaar, deprived plaintiff of her liberty interests under the Fourteenth Amendment to the United States Constitution, without due process of law, in violation of 42 U.S.C. § 1983.

The complaint contains no facts in support of this claim and states only conclusionary allegations. This is insufficient to withstand a motion to dismiss. The court is aware that in ruling on a motion to dismiss factual allegations must be taken as true and all reasonable inferences must be in plaintiff's favor. However, where, as here, plaintiff has pled no facts in support of a claim, the court is not required to speculate on what facts may exist which could entitle plaintiff to relief.

IT IS BY THE COURT THEREFORE ORDERED that defendants' motion to dismiss is hereby granted.