Nancy JAMES, a minor suing by and through her mother and next of kin Glenda SINGLETON, Plaintiff,

v.

TALLASSEE HIGH SCHOOL, Tallassee, Alabama, and the Tallassee Board of Education, Defendants.

Civ. A. No. 95–D–1074–N.

United States District Court,
M.D. Alabama,
Northern Division.

Dec. 4, 1995.

---

Donald R. Harrison, Dadeville, AL, for plaintiff.

John I. Cottle, III, Tallassee, AL, for defendants.

## *MEMORANDUM OPINION*

De MENT, District Judge.

Before the court is defendants' joint motion filed on August 28, 1995 to dismiss the above-styled case. Pursuant to the court's order of September 7, 1995, the defendants filed a joint brief in support of their motion on September 15, 1995. The plaintiff filed a response in opposition to defendants' motion on September 21, 1995. On October 3, 1995, pursuant to the court's order of September 21, 1995, the plaintiff filed another response in opposition to defendants' motion.

After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court finds that defendants' motion to dismiss is due to be granted.

## STATEMENT OF FACTS

This is an action for declaratory and injunctive relief and damages on behalf of the plaintiff, Nancy James ("Ms. James"), who is, and was at all relevant times, a student at Tallassee High School. In 1993, the Tallassee City Board of Education adopted rules and regulations contained in a student handbook which established, among other things, guidelines for cheerleader selection, cheerleader eligibility, and the selection of a head and co-head cheerleader of the cheerleading squad for Tallassee High School. Specifically, these rules, printed in the 1994–95 Tallassee High School Student Handbook, provided that the head and co-head cheerleaders of the football and basketball cheerleading squads would be chosen by a majority of the cheerleaders on the respective squads.

In March, 1995, Carol Lowe ("Ms. Lowe"), in her capacity as the sponsor of the cheerleaders at Tallassee High School, adopted rules that differed from those in the handbook for selection of the head and co-head cheerleaders. Ms. Lowe's rules, given to each potential cheerleader, provided that Ms. Lowe would choose the head and co-head cheerleaders based on her discretion and the cheerleaders' scores in the try-outs.

After try-outs, Ms. James was selected to be a member of the Tallassee High School cheerleading squad. Once the cheerleading squad was named, Ms. James was chosen by Ms. Lowe to be the co-head cheerleader of the basketball squad; however, Ms. James was not chosen to be the head or co-head cheerleader of the football squad. James appealed the sponsor's decision because Ms.

Lowe did not choose her as the head or co-head cheerleader of the football squad. Thereafter, a hearing was held on June 19, 1995, wherein the Tallassee Board of Education considered the selection process of the head and co-head cheerleading squads and rejected the plaintiff's appeal.

On August 15, 1995, Ms. James filed this action claiming that she deserves a remedy in federal court because Tallassee High School failed to follow the rules in the Tallassee High School student handbook. Specifically, Ms. James claims that the defendants violated her Fifth Amendment right to due process and her Fourteenth Amendment right to equal protection under the laws by denying her the opportunity to be head or co-head cheerleader of the football team. Ms. James further contends that she was "possibly denied" the opportunity to continue her education in college because she might have had a better chance of obtaining a college cheerleading scholarship. Therefore, Ms. James requests the court, among other things, to award her damages pursuant to 42 U.S.C. § 1983 for the violation of her constitutional rights, and to direct the defendants to hold an election of the head and co-head cheerleaders of the football and basketball squads by a majority of the cheerleading squad.

### STANDARD OF REVIEW FOR MOTION TO DISMISS

█ Pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*, a defendant may move to dismiss a complaint on the ground that the plaintiff has failed to state a claim upon which relief may be granted. A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merit of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. *See, e.g., United States v. Gaubert,* 499 U.S. 315, 327, 111 S.Ct. 1267, 1276, 113 L.Ed.2d 335 (1991); *Powell v. Lennon,* 914 F.2d 1459, 1463 (11th Cir.1990). Moreover, all factual allegations are to be construed in the light most favorable to the plaintiff. *See e.g., Sofarelli v.*

Pinellas County, 931 F.2d 718, 721 (11th Cir.1991); *see also Brower v. County of Inyo,* 489 U.S. 593, 598, 109 S.Ct. 1378, 1382, 103 L.Ed.2d 628 (1989).

█ On a motion to dismiss for failure to state a claim upon which relief may be granted, the movant "sustains a very high burden." [1] *Jackam v. Hospital Corp. of America Mideast, Ltd.,* 800 F.2d 1577, 1579 (11th Cir.1986) (citing *Currie v. Cayman Resources Corp.,* 595 F.Supp. 1364, 1376 (N.D.Ga.1984)). The Court of Appeals for the Eleventh Circuit has held, "motions to dismiss for failure to state a claim should be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claims." *Jackam,* 800 F.2d at 1579 (quoting *Bracewell v. Nicholson Air Servs., Inc.,* 680 F.2d 103, 104 (11th Cir. 1982)); *see also Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

### DISCUSSION

### A. Due Process Clause Under the Fifth Amendment

Ms. James first alleges that she has been deprived of her due process rights under the Fifth Amendment. In order to prevail on this claim, Ms. James must show that the defendants have deprived her of either a liberty interest or a property interest. James raises her due process claim based on a denial of an alleged property interest in being selected as head or co-head cheerleader of the football cheerleading squad.

█ "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He [or she] must have more than a unilateral expectation of it. He [or she] must, instead, have a legitimate claim of entitlement to it." *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2708, 33 L.Ed.2d 548 (1972). It is clear that a majority of the federal courts addressing the question have determined that a student does not have a cognizable property interest in participating in

---

1. Rule 12(b)(6) of the *Federal Rules of Civil Procedure* permits a party to plead or move for dismissal of a complaint if that complaint fails to state a claim upon which relief may be granted.

extracurricular activities at public institutions.

In *Mitchell v. Louisiana High School Athletic Association,* the former Fifth Circuit held that a high school student did not have a right to challenge his eligibility for high school athletics in federal court. 430 F.2d 1155, 1158 (5th Cir.1970).[2] In its holding, the *Mitchell* court noted that the privilege of participating in such an extracurricular activity did not rise to the level of a federal property interest that could be protected by the Constitution. *Id.* Similarly, the Tenth Circuit dismissed a student athlete's complaint challenging a rule that barred any athlete who transferred from his or her home district to a boarding school from participating in interscholastic athletics for a year, stating that "[p]articipation in interscholastic athletics is not a constitutionally protected civil right." *Albach v. Odle,* 531 F.2d 983, 984–85 (10th Cir.1976).

Moreover, at least one federal district court has specifically addressed the due process rights of a high school cheerleader. *See Haverkamp v. Unified School District Number 380,* 689 F.Supp. 1055 (D.C.Kan.1986). The *Haverkamp* court held that a high school cheerleader's position as head cheerleader, or even as a member of the cheerleading squad, did not constitute a property interest for the purposes of determining whether a plaintiff's due process rights had been violated. *Id.* at 1058. In fact, in *Haverkamp,* the plaintiff had already been selected to the cheerleading squad and had been removed for disciplinary reasons.

■ In the present case, Ms. James has not lost a position as head or co-head cheerleader of the football cheerleading squad; rather, she was never selected to serve in that position. Thus, Ms. James has only a mere expectation of being chosen as the head or co-head of the football cheerleading squad. Furthermore, Ms. James was selected by Ms. Lowe to be the co-head basketball cheerleader. Thus, the court is not convinced that Ms. James' allegation that her opportunity to obtain a college cheerleading scholarship was

substantially harmed. While the court does not wish to imply that it condones Ms. Lowe's unilateral action to change the rules governing the selection of head and co-head cheerleaders at Tallassee High School, the court believes that Ms. James does not have a federally-protected property interest in having the opportunity to be selected as the head or co-head cheerleader of the football cheerleading squad. Accordingly, the court finds that Ms. James' due process claim is due to be dismissed.

## B. Equal Protection Clause Under the Fourteenth Amendment

■ Ms. James' also alleges a violation of the Equal Protection Clause of the Fourteenth Amendment. To establish an equal protection claim, a plaintiff must initially show that he or she was treated differently from other individuals similarly situated. *Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985) ("The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike."). Thus, to survive a motion to dismiss on her equal protection claim, Ms. James must allege that she was treated differently than others who were similarly situated, *i.e.,* any other Tallassee High School students who were members of the cheerleading squad from which the head and co-head cheerleaders were chosen.

■ It is clear that Ms. James' complaint fails to state a claim upon which relief can be granted because it does not contain even a hint of an allegation that Ms. James was similarly situated to other Tallassee cheerleaders, yet treated more harshly or differently by the defendants than the other Tallassee cheerleaders. Therefore, even assuming the allegations in the complaint as true, it is abundantly clear to the court that Ms. James' equal protection claim must be dis-

---

**2.** Decisions of the former Fifth Circuit filed prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prich-* *ard,* 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc* ).

missed pursuant to Rule 12(b)(6) because she has failed to allege sufficient facts to support an equal protection claim.

## CONCLUSION

For the foregoing reasons, the court finds that defendants' motion to dismiss is due to be granted. A judgment in accordance with this memorandum opinion will be entered separately.