United States Court of Appeals,

Fifth Circuit.

No. 95-20328.

Yvonne SHINN, on Behalf of Jonathan Daniel SHINN;  John Eugene Shinn, on behalf of
Jonathan Daniel Shinn, Plaintiffs-Appellants,

v.

COLLEGE STATION INDEPENDENT SCHOOL DISTRICT;  Kenneth Wilbanks;  Ray
Chancellor;  Bob Curry;  William Dornburg, Defendants-Appellees.

Oct. 3, 1996.

Appeal from the United States District Court for the Southern District of Texas.

Before GARWOOD, EMILIO M. GARZA and DENNIS, Circuit Judges.

PER CURIAM:

Yvonne and John Eugene Shinn, on behalf of Jonathan Daniel Shinn, appeal the district court's

order granting College Station Independent School District ("School District"), Kenneth Wilbanks,

Ray Chancellor, Bob Curry, and William Dornburg summary judgment on the Shinns' claims.  Finding

no reversible error, we affirm and order the Plaintiffs to show cause why reasonable attorney's fees

and double costs should not be awarded to the Defendants as damages, pursuant to FED.R.APP.P. 38.

The Plaintiffs brought suit on behalf of their son, Jonathan, alleging that the Defendants

violated Jonathan's rights under the United States Constitution and the Constitution of Texas.  The

Plaintiffs alleged that while Jonathan was a freshman member of the A & M Consolidated High

School ("A & M") Band, his constitutional rights were violated by the actions of the band director,

Defendant Kenneth Wilbanks.  The Plaintiffs' amended complaint further alleged that the school

officials inadequately responded to their complaints.  The complaint, in essence, alleged extreme

dissatisfaction with Wilbanks's performance as band director.  Representative allegations included that

Wilbanks:  lacked discipline and leadership;  "insisted that Jon only play the B-flat clarinet";  showed

disrespect to the assistant band director;  failed to distribute the band rules until "six entire weeks"

after the start of practice;  gave the band members the day off when he learned that they were

1

planning a "walk-off" during practice to protest his performance as a band director; walked into the girls' locker room; failed to provide parents with "information" about the marching band competition in Killeen, Texas, which resulted in the Plaintiffs arriving at the competition four hours and fifteen minutes early; spoke "over the band's half-time performance bestowing praises on the coaches"; "verbally abused" another student, and Jonathan then witnessed the student's "horrified look when she stepped out of Wilbanks' offiruments properly; "yelled at" Jonathan when he tried to turn in his instrument; "failed to maintain discipline over some band members and allowed the members to stay up to at least 3:00 a.m."

When Jonathan told his parents about Wilbanks's behavior, the Plaintiffs complained to the school officials. The Plaintiffs allege that the school officials did not respond adequately to their complaints. Consequently, the Plaintiffs asked the Texas Education Agency ("TEA") to investigate Wilbanks's behavior. The TEA's investigation did not sustain the Plaintiffs' allegations. Finally, when the local newspaper ran an article about Wilbanks which mentioned the Plaintiffs' complaint and the investigation by the TEA, Wilbanks "lectured" the band students on the article. The Plaintiffs allege that during the lecture, Wilbanks "directed his comments" at Jonathan and another student, whose parents had also been instrumental in bringing the TEA investigation. All in all, the Plaintiffs complain that "Wilbanks' outrageous and unprofessional behavior resulted in a poor year for the band and the infliction of severe emotional distress upon many of the students, including Jon Shinn."

The Plaintiffs filed suit against the School District and various school officials in their individual and official capacities, pursuant to 42 U.S.C. § 1983. The Plaintiffs allege that the Defendants' behavior violated Jonathan's constitutional rights under the First and Fourteenth Amendments to be free from emotional harassment and to be free from punishment absent personal guilt, and that Wilbanks's behavior violated Jonathan's right to be free from retaliation for exercising his right to free speech.[1] The district court granted the Defendants' motion for summary judgment.

---

[1] We note that the attorney that brought this appeal did not appear at oral argument. Instead, he sent a colleague who conceded at oral argument that the Plaintiffs' claims under the Texas Constitution were without merit; therefore, we need not address these claims on appeal.

However, a close reading of the district court's order reveals that the court dismissed the Plaintiffs' complaint for failure to state a claim upon which relief could be granted. Therefore, we will review the dismissal *de novo* as one under FED.R.CIV.P. 12(b)(6). *Rutherford v. United States,* 702 F.2d 580, 581 n. 1 (5th Cir.1983).

We provide the detailed description of the Plaintiffs' allegations in order to illustrate that a constitutional violation does not occur every time someone feels that they have been wronged or treated unfairly. There is no constitutional right to be free from emotional distress. *See Grandstaff v. City of Borger, Tex.,* 767 F.2d 161, 172 (5th Cir.1985) ("Section 1983 imposes liability for violation of rights protected by the Constitution, not for violations of duties of care arising out of tort law." (quoting *Baker v. McCollan,* 443 U.S. 137, 146, 99 S.Ct. 2689, 2695-96, 61 L.Ed.2d 433 (1979))), *cert. denied,* 480 U.S. 916, 107 S.Ct. 1369, 94 L.Ed.2d 686 (1987). The right to be free from punishment absent personal guilt is only actionable when that punishment deprives the plaintiff of a constitutionally protected right. *Burris v. Willis Indep. Sch. Dist., Inc.,* 713 F.2d 1087, 1093 n. 3 (5th Cir.1983). The Plaintiffs have made no such allegation. Finally, the Plaintiffs' free speech claim fails because they have not alleged what speech Jonathan engaged in, nor have they alleged facts indicating that Wilbanks's actions amounted to retaliation or infringement on Jonathan's first amendment rights. *See Haverkamp v. Unified Sch. Dist. No. 380,* 689 F.Supp. 1055, 1058-59 (D.Kan.1986) (dismissing plaintiff's first amendment claim where the complaint did not indicate retaliation by school officials or a restriction of plaintiff's first amendment rights); *see also Wilson v. UT Health Ctr.,* 973 F.2d 1263, 1270 (5th Cir.1992) (upholding directed verdict on first amendment claim because plaintiff produced insufficient evidence that certain defendants "retaliated against her for her speech"), *cert. denied,* 507 U.S. 1004, 113 S.Ct. 1644, 123 L.Ed.2d 266 (1993).[2]

[2]Additionally, because the Plaintiffs have failed to establish the violation of a clearly established constitutional right, the Defendants in their individual capacities are entitled to qualified immunity. *See Hassan v. Lubbock Indep. Sch. Dist.,* 55 F.3d 1075, 1079 (5th Cir.) (stating standard for qualified immunity), *cert. denied,* --- U.S. ----, 116 S.Ct. 532, 133 L.Ed.2d 438 (1995). Furthermore, even if we were to find the violation of a constitutional right, the Plaintiffs have not alleged that the Defendants acted pursuant to an official custom or policy of the School District, or that the School District implemented such an official custom or policy; therefore, there cannot

3

For the foregoing reasons, we AFFIRM the judgment of the district court. Moreover, we conclude that the Plaintiffs' appeal is frivolous. *See Olympia Co., Inc. v. Celotex Corp.,* 771 F.2d 888, 893 (5th Cir.1985) (stating that a "frivolous appeal is one which involves legal points not arguable on the merits") (citation omitted), *cert. denied,* 493 U.S. 818, 110 S.Ct. 73, 107 L.Ed.2d 39 (1989). We therefore ORDER the Plaintiffs to show cause why reasonable attorney's fees and double costs should not be awarded to the Defendants as damages, pursuant to FED.R.APP.P. 38.

DENNIS, Circuit Judge, specially concurring:

I concur in the result of the majority's decision, i.e., that the plaintiff's action does not reach the threshold of a claim based on a constitutional violation. My only objection to the majority's opinion is that it disposes of the plaintiffs' substantive due process claim by constructing a vagary that has no real basis in law. The majority states:

> There is no constitutional right to be free from emotional distress. See *Grandstaff v. City of Borger, Tex.,* 767 F.2d 161, 172 (5th Cir.1985).

If all the majority means is that a person cannot recover for emotional distress under § 1983 unless that distress stems from a constitutional violation, the statement is merely misleading due to lack of precision and coherence. Further, the statement does not explain why there was no constitutional violation in this case. On the other hand, I seriously doubt that the majority intends to imply that a person can never recover damages for emotional distress under § 1983 or cannot recover for such distress in the absence of physical or significant injury. The law is too well settled to the contrary. *Memphis Community School Dist. v. Stachura,* 477 U.S. 299, 306, 106 S.Ct. 2537, 2542, 91 L.Ed.2d 249 (1986) (mental and emotional distress constitute compensable injury in § 1983 cases); *Carey v. Phiphus,* 435 U.S. 247, 264, 98 S.Ct. 1042, 1052, 55 L.Ed.2d 252 (1978) (same); *Harper v. Harris County, Tex.,* 21 F.3d 597 (5th Cir.1994) (a plaintiff is no longer required to prove significant injury to assert a § 1983 Fourth Amendment excessive force claim); see *Dunn v. Denk,* 79 F.3d 401 (5th Cir.1996) (this court's holding in *Johnson v. Morel,* 876 F.2d 477 (5th Cir.1989) (en banc), which

be § 1983 liability for the School District or for the Defendants in their official capacities. *Meadowbriar Home For Children, Inc. v. Gunn,* 81 F.3d 521, 533 (5th Cir.1996).

4

grafted onto the Fourth Amendment objective reasonableness standard of *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) the additional requirement of a significant injury, has been effectively overruled by *Hudson v. McMillian,* 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)).

Moreover, as I read *Grandstaff v. City of Borger, Tex.,* 767 F.2d 161 (5th Cir.1985) it cannot properly be made to stand for a broad rule that there is no constitutional right to be free from emotional distress. It simply holds that bystanders may not recover under § 1983 for officers' negligent infliction of emotional distress by shooting and killing their husband and stepfather within their sight. The *Grandstaff* opinion, 767 F.2d at 172. stated:

> Negligent infliction of emotional distress is a state common law tort; there is no constitutional right to be free from witnessing this police action. "Section 1983 imposes liability for violation of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan,* 443 U.S. 137, 146, 99 S.Ct. 2689, 2695-96, 61 L.Ed.2d 433 (1979).

5