Neta Jane **REASONOVER**, Plaintiff,

v.

Robert **WELLBORN**, Deputy Sheriff, Mike Molnes, Deputy Sheriff, Jimbo Raines, Sheriff, Houston County, TX, Defendants.

No. 9:01–CV–79.

United States District Court,
E.D. Texas,
Lufkin Division.

Nov. 28, 2001.

Curtis B. Stuckey, Stuckey Garrigan & Castetter, Darren Christopher Bertin, Rankin & Bertin, Nacogdoches, TX, for Plaintiff.

Robert Scott Davis, Virginia Francis Durham, Flowers Davis LLP, Tyler, TX, for Defendants.

## OPINION AND ORDER

COBB, District Judge.

Before the court are the defendants' motions for summary judgment and the court having considered the motions is of the opinion that Summary Judgment should be Granted.

## I. BACKGROUND

On April 8, 1999, Houston County Sheriff Jimbo Raines received an anonymous Crime Stoppers' tip as the result of a reward Crime Stoppers had offered for the return of two stolen riding lawnmowers. The tip indicated the mowers were on the property of the plaintiff, Ms. Neta Jane Reasonover Rodgers ("Ms.Reasonover"). Ms. Reasonover lived with her husband, Severn Rodgers, on a piece of property owned by him in Grapeland, Texas. Ms. Reasonover also owned a separate piece of property she had inherited in Grapeland ("Ms. Reasonover's property"). Sheriff Raines and Deputy Robert Wellborn had the description and identification numbers of the mowers, and knew the initials of the true owner had been scratched into the hood of one of the mowers. Raines met Wellborn at Ms. Reasonover's property, and from the road could see a lawnmower parked in a shed behind the house. Upon inspection of the mower, Raines and Wellborn discovered the serial number matched one of the stolen mowers and that there were initials scratched into the hood.

Sheriff Raines and Deputy Wellborn knocked on the door to the house on the

property, but received no answer. After confirming the lawnmower was stolen, Raines, Wellborn, and Deputy Randy Hardgrove proceeded to Mr. Rodgers's property, where he and Ms. Reasonover lived. Mr. Rodgers gave the deputies permission to search the property, and also made a statement that lead the officers to believe that he and Ms. Reasonover had the other stolen lawnmower. The second stolen lawnmower was found behind Mr. Rodgers's and Ms. Reasonover's home. Additional stolen property was also found at this location, including a 1998 GMC pickup truck, a 1994 Green Jeep Grand Cherokee, and a four wheeler.

Deputy Mike Molnes was called to the scene after the stolen property was found, and took Ms. Reasonover to the Houston County Sheriff's Department to get a written statement from her. Mr. Rodgers followed in his own truck, neither Rodgers nor Reasonover were under arrest at that time. Ms. Reasonover gave written permission for the Houston County Sheriff's Department to do a follow-up search of the property she owned. Approximately $70,000 in stolen property was found on the two properties.

Ms. Reasonover gave a written statement to Deputy Molnes in which she claimed not to know anything about the stolen property. However, after receiving a written statement from Mr. Rodgers, Deputy Wellborn made the decision to arrest Mr. Rodgers and Ms. Reasonover for possession of stolen property. At that time, Deputy Wellborn believed they had knowledge of the stolen items on their property.

Ms. Reasonover was arrested without a warrant on the afternoon of April 8, 1999. After the arrest, Deputy Wellborn executed a probable cause affidavit. On April 9, 1999, Deputy Wellborn executed a complaint against Ms. Reasonover and she went before a judge who set her bond. By the afternoon of April 9, 1999, Ms. Reasonover was released on bond.

On July 22, 1999, Ms. Reasonover and Mr. Rodgers were indicted by a Houston County grand jury. Ms. Reasonover's indictment contained two counts of stolen property, one for a lawnmower and one for the 1998 GMC truck.

Mr. Rodgers pled guilty to the charge of possession of stolen property. Part of the arrangement of his guilty plea was that the charges would be dropped against Ms. Reasonover. On May 12, 2000, after Mr. Rodgers agreed to plead guilty, the possession of stolen property charges against Ms. Reasonover were dropped. The state's motion to dismiss the charges against Ms. Reasonover referenced the plea of guilty by Mr. Rodgers and the charges against Ms. Reasonover would not have been dropped had Mr. Rodgers not pled guilty.

The parties agree defendants were acting under color of law when the incident took place. Plaintiff alleges that the above acts amounted to an unlawful arrest and detention in violation of the Fourth Amendment as made applicable by the Fourteenth Amendment, for which redress is provided by 42 U.S.C. § 1983, and for which all defendants are liable for compensatory damages.

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, a court should grant summary judgment when "there is no genuine issue as to any material fact and [ ] the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

A fact is material if it might affect the outcome of a case under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). A genuine issue exists when, in the context of the entire record, a reasonable fact-finder could return a verdict for the non-movant. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 885–86, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). The court must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment. *Eastman Kodak v. Image Technical Services*, 504 U.S. 451, 478, 112 S.Ct. 2072, 2088, 119 L.Ed.2d 265 (1992); *Lemelle v. Universal Mfg. Corp.*, 18 F.3d 1268, 1272 (5th Cir.1994). However, this favorable presumption for the non-movant exists only when the non-movant presents an actual controversy of fact. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994).

## III. THE INDIVIDUAL DEFENDANTS

Plaintiff Reasonover alleges she was unlawfully arrested and detained in violation of the Fourth Amendment, specifically that she was subjected to a warrantless arrest without probable cause. The individual defendants invoke the protection of qualified immunity. This court finds for the individual defendants and reiterates that "a constitutional violation does not occur every time someone feels that they have been wronged or treated unfairly." *Shinn ex rel. Shinn v. College Station Indep. Sch. Dist.*, 96 F.3d 783, 786 (5th Cir.1996).

 There are two steps to qualified immunity analyses. *Sanchez v. Swyden*, 139 F.3d 464, 466 (5th Cir.1998). First, to overcome a qualified immunity claim by the defendants, Reasonover must "show 1) a constitutional violation; 2) of a right clearly established at the time the violation occurred; and 3) that the defendant actually engaged in conduct that violated the clearly established right." *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir.2001). Second, a public official may successfully assert the defense of qualified immunity even if a person's civil rights have been violated, provided the official's conduct was objectively reasonable. *Sanchez v. Swyden*, 139 F.3d 464, 467 (5th Cir.1998). The objective reasonableness of an official's actions are to be determined by the court as a matter of law. *Mangieri v. Clifton*, 29 F.3d 1012, 1016 (5th Cir.1994). "A plaintiff must clear a significant hurdle to defeat qualified immunity." *Brown v. Lyford*, 243 F.3d 185, 190 (5th Cir.2001). In addition to the qualified immunity analysis, the constitutional torts of false arrest, unreasonable seizure, and false imprisonment require a showing that there was no probable cause. *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir.2001); *see also Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000) (holding that government officials are entitled to qualified immunity against a charge of wrongful arrest where a reasonable official would believe probable cause was present).

 To begin the qualified immunity analysis, the court must determine if a constitutional violation occurred. The right to be free from arrest without probable cause is a clearly established constitutional right. *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964) (The constitutionality of an arrest depends upon "whether, at the moment the arrest was made, the officers had probable cause to make it."). Probable cause exists if at the time of the arrest, facts and circumstances within the officers' knowledge, and of which they had reasonably trustworthy information, were sufficient to warrant a prudent officer to believe the crime had been committed. *Hunter v. Bryant*, 502 U.S. 224, 228, 112 S.Ct. 534, 116 L.Ed.2d

589 (1991). If probable cause for a search and arrest even arguably existed, immunity cannot be lost. *Brown v. Lyford,* 243 F.3d 185, 190 (5th Cir.2001). Hence, in order for a constitutional violation to have occurred, there must not have been probable cause for Wellborn to have arrested Reasonover.

■ The plaintiff argues there was not probable cause for her arrest. Ms. Reasonover basis her argument on the fact that she told the individual officers she did not know anything about the stolen property. However, even if Ms. Reasonover did not know about the stolen property, a statement to that effect would not alone preclude probable cause. A suspect cannot defeat the finding of probable cause to make an arrest by claiming not to know anything about the stolen property. If such were the case, why would any suspect ever be able to remember anything?

■ These defendants have qualified immunity because they had probable cause to believe that Reasonover committed a crime. *Brown v. Lyford,* 243 F.3d 185, 189 (5th Cir.2001). The combination of the Crime Stoppers' tip, the discovery of the stolen property, and Rodgers's statement created probable cause. Additionally, the plaintiff was brought before a magistrate, and a grand jury indicted Reasonover, breaking the chain of causation for the false arrest. *Taylor v. Gregg,* 36 F.3d 453, 456 (5th Cir.1994). This court is cognizant of the fact that an indictment does not establish guilt, however, when that indictment is dismissed (as the result of her husband's plea), it does not give Reasonover a right to sue for unlawful arrest and detainment. "The Constitution does not guarantee that only the guilty will be arrested, for if it did, ... § 1983 would provide a cause of action for every defendant acquitted-indeed, for every suspect released." *Sanchez v. Swyden,* 139 F.3d 464, 467 (5th Cir.1998) (citations and quo-

tations omitted). Because this court finds that probable cause existed at the time of the arrest and detainment, there was no constitutional violation, and therefore it is unnecessary to evaluate whether the officers' actions were reasonable. Reasonover fails to meet even the basic requirement to overcome a claim of qualified immunity by the individual defendants when she fails to establish a constitutional violation occurred during her alleged unlawful arrest and detention.

## IV. HOUSTON COUNTY

■ Houston County is entitled to summary judgment as a matter of law because no constitutional violation was committed by the individual defendants. If the individual defendants inflicted no constitutional injury on respondent, it is inconceivable that Houston County could be liable to Reasonover. *City of Los Angeles v. Heller,* 475 U.S. 796, 799, 106 S.Ct. 1571, 1573, 89 L.Ed.2d 806 (1986) (holding that damages cannot be awarded against a municipal corporation based upon the actions of one of its officers, if that officer inflicted no constitutional harm). The Fifth Circuit has expressly restated *Heller* while distinguishing it from a case in which the officers were found to have qualified immunity, which would protect only the individual officers, not the municipality. *Brown v. Lyford,* 243 F.3d 185, 191 (5th Cir.2001). In reciting the holding of *Heller,* the *Brown* court states, "if the plaintiff does not show any violation of his constitutional rights-then there exists no liability to pass through to the county." *Brown v. Lyford,* 243 F.3d 185, 191 (5th Cir.2001). Therefore, Houston County is entitled to summary judgment because no constitutional violation was committed by the individual defendants.

## V. CONCLUSION

For the reasons stated above, this court hereby GRANTS SUMMARY JUDG-MENT for all defendants.